NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID BURNETT, as guardian ad litem for SB, a minor; et al., | No. 17-15841 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-01789-EDL |
| v. | MEMORANDUM* |
| SAN MATEO FOSTER CITY SCHOOL DISTRICT, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted June 14, 2018**
San Francisco, California

Before: SILER,*** PAEZ, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiffs S.B., and her parents David and Miriam Burnett (collectively, "the Burnetts") appeal the district court's judgment affirming a California administrative law judge's ("ALJ") denial of their claim that S.B. was denied a free and appropriate public education ("FAPE") under the Individuals with Disabilities in Education Act ("IDEA"). The ALJ concluded that the San Mateo Foster City School District ("District") violated its "child find" duty as well as procedural requirements to provide parents with a copy of their rights and procedural safeguards. The ALJ concluded, however, that the District did not violate the Burnetts' procedural right to obtain a complete copy of S.B.'s "education records." The ALJ ultimately concluded that any procedural violations were harmless because the Burnetts did not establish that S.B. was eligible for special education. The Burnetts appealed to the district court, and the district court affirmed.

The Burnetts timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's legal determinations and review for clear error findings of facts by the district court. *See L.J. v. Pittsburg Unified School District*, 850 F.3d 996, 1002 (9th Cir. 2017). We give substantial weight to the ALJ's decision if it shows a careful and impartial consideration of the evidence. *County of San Diego v. California Special Educ. Hearing Office*, 93 F.3d 1458, 1466 (9th Cir. 1996). We affirm.

**1.** The District does not contest the district court's determination that it committed several procedural violations under IDEA, so we assume that the District violated its "child find" procedural obligations, *see* 20 U.S.C. § 1412(a)(3)(A), as well as procedural requirements to provide parents with a copy of their rights and procedural safeguards, *see* Cal Educ. Code § 56321(a); 20 U.S.C. § 1415(d). We affirm the district court's conclusion that these procedural violations did not result in a denial of FAPE, because the Burnetts never established S.B.'s eligibility for special education. We have previously held that under IDEA, a procedural violation that does not result in the loss of an educational opportunity does not constitute a denial of FAPE. *R.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 942 (9th Cir. 2007). When a student is ineligible for special education there can be no loss of educational opportunities. *Id*. We agree with the district court and ALJ that the Burnetts failed to establish that S.B. was eligible for FAPE for the school years at issue.

A student is eligible for special education if she is a "child with a disability" and as a result needs special education and related services that cannot be provided with modification of the regular school program. 20 U.S.C. § 1414(b); 34 C.F.R. § 300.8(a)(1); Cal. Educ. Code § 56026(a),(b). The two disabilities alleged by S.B. in this case are a Specific Learning Disability ("SLD") and Other Health Impaired ("OHI"). *See* 34 C.F.R. § 300.8(a)(1).

A SLD is a disorder in one or more of the basic psychological processes involved in understanding or using language (a "processing disorder"), which manifests itself in the imperfect ability to listen, think, speak, read, write, spell, or do mathematical calculations. 20 U.S.C. § 1401(30); 34 C.F.R. § 300.8(c)(10); Cal. Educ. Code § 56337(a). In California, a processing disorder's impact on academic achievement can be determined by using one of two methods. The first is the severe discrepancy method. 20 U.S.C. § 1414(b)(6)(A); Cal. Educ. Code § 56337(b). The district court did not clearly err in finding that neither the 2013 nor 2015 assessment of S.B. demonstrated a severe discrepancy. The second method is the response to intervention method, but neither parties nor record evidence suggest that S.B. would qualify under this test. Cal. Educ. Code § 56337(c). Therefore, the Burnetts did not demonstrate that S.B. had a SLD during the relevant time period.

A student meets eligibility criteria under the OHI category if she has limited strength, vitality or alertness, which can include a heightened alertness to environmental stimuli, resulting in limited alertness with respect to the educational environment, due to chronic or acute health condition that adversely affect educational performance. Cal Code Regs. tit 5, § 3030(b)(9). The district court did not clearly err in determining that, although S.B. had been diagnosed with ADHD, S.B.'s teacher's assessments as well as S.B.'s grades and tests scores show

4

that S.B.'s ADHD did not appear to result in limited alertness or adversely impact her educational achievements. The district court's further determination that the Burnetts did not establish that S.B. had an OHI is not clearly erroneous. We therefore affirm the district court's conclusion that S.B. was not a "child with a disability" and was not denied a FAPE.

2.      The Burnetts also argue that the District committed a procedural violation when it only turned over emails concerning S.B. that had been printed and added to S.B.'s physical file. California Education Code § 56504 provides that "[t]he parent shall have the right and opportunity to examine all school records of his or her child and to receive copies pursuant to this section and to Section 49065 within five business days after the request is made by the parent, either orally or in writing." Cal. Educ. Code § 56504. We affirm the district court's determination that the District was not required to turn over emails that were not "maintained" in a physical folder or secure electronic data base.

An "education record" under IDEA is defined by the regulations implementing the Family Educational Rights and Privacy Act ("FERPA"). 34 C.F.R. § 300.611(b). Under FERPA, an education record includes records, files, and documents that "(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). The Supreme Court has

interpreted the word "maintained" in FERPA as "to keep in existence or continuance; preserve; retain" and reasoned that "[t]he word 'maintain' suggests FERPA records will be kept in a filing cabinet in a records room at the school or on a permanent secure database." *Owasso Indep. Sch. Dist. No I-011 v. Falvo,* 534 U.S. 426, 432-33 (2002). Since the District turned over the emails it "maintained" as part of a student's educational records, we agree with the district court that in responding to the Burnetts' request for a copy of S.B.'s education records, it did not commit a procedural violation.

**AFFIRMED.**